JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-00712 MMM (RZx) | Date | February 28, 2013 |

| | |
|---|---|
| Title | *Canterbury Lots 68, LLC v. Gloria De La Torre* |

Present: The Honorable   MARGARET M. MORROW

| R. Neal for ANEL HUERTA | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     **Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction**

## I.  FACTUAL BACKGROUND

Canterbury Lots 68, LLC commenced this action in state court on November 15, 2012 against Gloria De La Torre and certain fictitious defendants.[1]  On February 1, 2013, defendant removed the action to this court.

Plaintiff alleges that it is entitled to possession of real property located in Pomona, California.[2]  On November 8, 2012, the property was sold at a trustee's sale.  The complaint states that "[p]laintiff was not the foreclosing beneficiary and perfected the Trustee's Deed Upon Sale."[3]  After plaintiff

---

[1]Notice of Removal ("Removal"), Docket No. 1 (Feb. 1, 2013), Complaint for Unlawful Detainer ("Complaint").

[2]Complaint, ¶ 2.

[3]*Id.*, ¶ 6.

1

acquired title to the property, it served defendant with a 3/90 day notice to quit.[4]  The time to deliver possession of the property to plaintiff under the notice has expired, but De La Torre has allegedly failed to quit the premises or deliver possession of the property.[5]

Plaintiff seeks immediate restitution and possession of the subject property, holdover damages in the amount of $75.00 per day from November 12, 2012 to the date of judgment, and costs of suit.[6] De La Torre asserts that she filed an answer to the complaint in state court;[7] the answer is not attached to the notice of removal, however.

## II.  DISCUSSION

### A.    Legal Standard Regarding Removal Jurisdiction

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction.  See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)).  For the reasons discussed below, the court lacks subject matter jurisdiction and the action must be remanded to Los Angeles Superior Court.

### B.    Federal Question Jurisdiction

---

[4]*Id.*, ¶ 7.

[5]*Id.*, ¶ 8.

[6]*Id.* at 2.

[7]Removal at 2.

2

### 1.    Legal Standard for Federal Question Jurisdiction

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the

plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

### 2.    Whether Federal Question Jurisdiction Exists

Defendant does not argue that the court has jurisdiction under § 1331, and no federal question is apparent on the face of plaintiff's complaint, which alleges a single cause of action for unlawful detainer. See *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists"). Because plaintiff's complaint does not present a federal question, the court lacks jurisdiction under 28 U.S.C. § 1331.

### C.    Diversity Jurisdiction

### 1.    Legal Standard for Diversity Jurisdiction

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").   In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity. See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n.3 (1996). "Diversity jurisdiction is determined *at the time the action commences*, and a federal court is not divested of jurisdiction . . . if the amount in controversy subsequently drops below the minimum jurisdictional level." *Hill v. Blind Industries and Services of Md.*, 179 F.3d 754, 757 (9th Cir. 1999) (emphasis added).

### 2.    Whether Diversity Jurisdiction Exists

Defendant does not explicitly argue that diversity jurisdiction is present, although she asserts

that the amount in controversy "could exceed $75,000."[8]

Defendant is a California resident, although neither party pleads her citizenship.[9]  Plaintiff is a California limited liability company.[10]  "[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006).  Neither party pleads the citizenship of the members of Canterbury Lots 68, LLC, and the court is therefore unable to determine whether complete diversity exists.  "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  This case was filed in Los Angeles Superior Court.[11]  If defendant is a citizen of California – as it may well be – removal based on diversity jurisdiction would be improper.

The amount in controversy is determined by looking to the complaint, unless it appears to a legal certainty that the claim is worth an amount that is different than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007).  In its complaint, plaintiff seeks damages of $75.00 per day from November 12, 2012 to the date of judgment.[12]  This sum almost certainly falls far below the $75,000 amount in controversy threshold.  Given that unlawful detainer is a summary proceeding,

---

[8]*Id.* at 3.

[9]Complaint, ¶ 5.

[10]*Id.*, ¶ 4.

[11]*Id.* at 1.

[12]*Id.* at 3.  In an unlawful detainer action, the appropriate measure of damages is the amount sought in the complaint, not the value of the property. *Federal Nat. Mortg. Ass'n v. Lemon*, No. CV 11–03948 DDP (FFMx), 2011 WL 3204344, *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer action remains the amount sought in the complaint, not the value of the property itself"); see also *U.S. Bank Nat. Ass'n v. Marshall-Edward: Mikels*, No. C 11–4687 PJH, 2011 WL 5362082, *2 (N.D. Cal. Nov. 7, 2011) ("The complaint seeks restitution of the premises, damages in the amount of $50.00 per day from August 6, 2010, through the date that defendant remains in possession of the property, plus costs of suit.  The amount in controversy is not the assessed value or the sales value of the property, but rather the $50.00 per day that HSBC is seeking in damages.  Thus, if HSBC prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.00"); *Skyline Vista Equities, LLC v. Henderson*, No. ED CV 11–1665 PA (AGRx), 2011 WL 5122616, *2 (C.D. Cal. Oct. 25, 2011) ("[T]he amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property").

it is highly unlikely that a judgment would be rendered on or after August 10, 2015, the date on which holdover damages would exceed $75,000. Moreover, plaintiff filed the action as a limited civil action, in which damages are explicitly limited to $10,000.[13] Because plaintiff has placed in controversy an amount below the jurisdictional minimum, this court cannot exercise diversity jurisdiction.

### D.    Civil Rights Removal

Defendant contends that removal is proper under 28 U.S.C. § 1443(1), which permits removal by "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States. . . ."[14] A notice for removal based on § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788–92 (1966), and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824–28 (1966). See also *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir.1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Even construing defendant's notice of removal liberally, she has not satisfied the *Greenwood* test. 384 U.S. 808, 824–28 (1966). First, she fails to identify a right given to her "by explicit statutory enactment protecting equal racial civil rights." *Sandoval*, 434 F.2d at 636. Defendant appears to assert that plaintiff has violated California Code of Civil Procedure § 128.7, which "provides that when an attorney or party presents a pleading, motion, or similar paper to the court, an implied 'certification' as to its legal and factual merit is made, and is subject to sanctions for violation of this certification."[15] Section 128.7, however, (1) creates no federal right and (2) is not a statute enacted to "protect equal racial civil rights." It is a state rule of procedure governing the submission of court papers and sanctions. For this reason alone, defendant's removal of this action under § 1443(1) is improper. *Sandoval*, 434 F.2d at 636.

Defendant also fails to satisfy the second criterion of the *Greenwood* test. Even if the court interpreted defendant's notice of removal as invoking her rights to equal protection and due process under the United States Constitution, defendant fails to demonstrate that California state courts will not enforce those rights. She does not, and cannot, identify any California state law or constitutional

---

[13]*Id.* at 1.

[14]Removal at 2-3.

[15]*Id.* at 3-4.

provision that commands state courts to ignore an amendment to the U.S. Constitution. Rather, she alleges in a vague and conclusory manner that her equal protection rights "are non-existent in state court unlawful detainer actions."[16] This is not sufficient to support removal under § 1443(1). See *Fed. Home Loan Mortg. Corp. v. Cantillano*, No. CV 12-01641, 2012 WL 1193613, *3 (C.D. Cal. Apr. 9, 2012) (finding no basis for removal under§ 14431(a) because defendants did "not identify any California state law or California constitutional provision that denied them the opportunity to raise their civil rights in the California courts," but instead argued that "unspecified provisions of the California Civil Code governing non-judicial foreclosures and judicial evictions cause the violation of Hispanics' civil rights in all unlawful detainer proceedings"); *HSBC Bank USA v. Cabal*, No. 10cv1621 WQH (POR), 2010 WL 3769092, *2 (S.D. Cal. Sept. 21, 2010) ("Even if Defendant's claims were based on laws providing for specific civil rights stated in terms of racial equality, his request for removal would fail because he has not alleged that the denial of his federal rights can be predicted [on] a state statute or a constitutional provision[;] . . . rather[,] [he] asserts that California state courts 'systematically trample[ ]' litigant's rights in unlawful detainer actions. . . . This is insufficient to allow removal under § 1443," citing *State of Georgia v. Rachel*, 384 U.S. 780, 792-800 (1966); *Sandoval*, 434 F.2d at 636 ("Bad experiences with the particular court in question will not suffice")).

### III.  CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Although the court cannot *sua sponte* remand a case for a procedural defect in removal,[17] for the reasons stated, the defendant has failed to carry her burden of establishing that the court has subject matter jurisdiction to hear the action.  As a consequence, the clerk is directed to remand the case to Los Angeles Superior Court.

---

[16]*Id.* at 4.

[17]Defendant's notice of removal is procedurally defective in that it was filed beyond the thrity day period established by 28 U.S.C. § 1446.  The notice of removal was filed February 1, 2013.  (*Id.* at 1).  Defendant was served with the summons and complaint in "November 2012."  (*Id.* at 2).